TRECKER FRITZ & WILLIAMS

COLLIN M. (MARTY) FRITZ    1763
ALLEN K. WILLIAMS          2900
820 Mililani Street, Suite 701
Honolulu, Hawai'i 96813-2937
Telephone:  (808) 528-3900
Facsimile:  (808) 533-3684
cmfritz@lawctr.net
allen@lawctr.net

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| TRACY MILLER AND SHEENA MILLER, AS NEXT FRIENDS OF THEIR MINOR DAUGHTER, I.M.M, A MINOR,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL NO. _____<br><br>**COMPLAINT**<br><br>**[Federal Tort Claims Act, 28 U.S.C. Section 2671, et seq.]** |

## COMPLAINT

Plaintiffs TRACY MILLER and SHEENA MILLER, as Next Friends of their minor daughter, I.M.M, by and through their attorneys, Trecker Fritz & Williams, for claims for relief against Defendant UNITED STATES OF AMERICA, above-named, allege and aver as follows:

# PARTIES

1.  Plaintiffs TRACY MILLER and SHEENA MILLER are the natural parents of their minor daughter, I.M.M., who was born in the City and County of Honolulu, State of Hawai'i, in 2015, and who is identified by her initials and year of birth in accordance with Rule 5.2(2) and (3), of the Federal Rules of Civil Procedure, and LR100.10.1(b) and (c), of the Local Rules of Practice for the United States District Court for the District of Hawaii.

2.  Plaintiffs TRACY MILLER and SHEENA MILLER bring and prosecute this action, as the Next Friends for and on behalf of their minor daughter, I.M.M., pursuant to Rule 17(c)(2), of the Federal Rules of Civil Procedure.

3.  At all times herein relevant, Plaintiffs TRACY MILLER and SHEENA MILLER, along with their minor daughter, I.M.M., resided in the City and County of Honolulu, State of Hawai'i, and the alleged acts and/or omissions complained of herein, and which form the basis of the relief sought herein, occurred while Plaintiffs and I.M.M. were residents of the State of Hawai'i.

4.  Defendant United States of America (hereinafter "United States") is named as the defendant pursuant to and under the provisions of the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq.

5. That at all times herein relevant, Defendant United States, at the Tripler Army Medical Center, provided medical care, treatment and services to certain eligible persons.

6. At all times relevant herein, I.M.M. was eligible to receive and did receive medical care, treatment and services from Defendant United States, at its Tripler Army Medical Center facility.

## JURISDICTION AND VENUE

7. This court has original jurisdiction over this civil action, pursuant to 28 U.S.C. §§ 1346(b) and 1331, in that Plaintiffs bring this civil action on a claim against the United States, for money damages, for personal injury to I.M.M, a minor, caused by the negligent or wrongful acts and/or omissions of employees and/or agents of the United States, while acting within the scope of his/her/their office, employment or agency, under circumstances where the United States, if a private person, would be liable to the Plaintiffs and I.M.M., in accordance with the laws of the State of Hawai'i.

8. The acts and/or omissions complained of herein, and which forms the basis of the relief sought herein, occurred within the District of Hawai'i, and venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(2).

9. Pursuant to the provisions of 28 U.S.C. § 2675(a), Plaintiffs presented the herein-mentioned claim against the United States, for money damages, for

personal injury to I.M.M, a minor, to the appropriate Federal agency, and said appropriate Federal agency acknowledged receipt of said claim on May 19, 2017.

10. The above-mentioned appropriate Federal agency has failed to make a final disposition of the above-mentioned claim within six months after said claim was received on May 19, 2017, and, pursuant to 28 U.S.C. § 2675(a), the failure to make a final disposition of said claim, as of the date of this filing, is deemed a final denial of the claim.

## DUTY OWED TO I.M.M.

11. Defendant United States, in providing the above-mentioned medical care, treatment and services, held itself out to use that degree of care, skill, diligence, and attention generally used by hospitals and health care facilities.

12. Defendant United States, in operating the Tripler Army Medical Center, had in its employ and/or agency, among others, physicians and other medical staff, over which it exercised exclusive control and supervision, with the right to employ, supervise and discharge such employees and/or agents.

13. At all times relevant herein, the above-mentioned physicians and other medical staff were acting within the course and scope of said employment and/or agency, and therefore, Defendant United States is legally responsible for any and all negligent acts and/or omissions committed by said physicians and other medical staff in rendering medical care, treatment and services to I.M.M.

14. Defendant United States owed a duty to I.M.M. to have or employ physicians and other medical staff that possessed and exercised a standard of professional training, skill, knowledge and ability ordinarily possessed and exercised by a physicians and other medical staff engaged in their respective fields of medicine.

## FACTUAL ALLEGATIONS

15. On or about May 22, 2015, Plaintiffs presented I.M.M. to Physicians at the Tripler Army Medical Center Emergency Department because they perceived that I.M.M. experienced seizures just prior to their arrival to said Emergency Department.

16. On or about May 22, 2015, Physicians at the Tripler Army Medical Center, performed a medical examination of I.M.M. and consulted with Plaintiffs concerning I.M.M.'s medical condition, while at the Emergency Department.

17. On or about May 22, 2015, said Physicians at the Tripler Army Medical Center Emergency Department ordered the discharge of I.M.M. from said facility without conducting any laboratory analyzes of I.M.M.'s blood samples, or imaging studies of I.M.M., and the Physicians discharged I.M.M. with the diagnosis that I.M.M. was suffering from esophageal reflux without esophagitis.

18. On or about June 10, 2015, Plaintiffs presented I.M.M. to a Physician at the Tripler Army Medical Center, and said Physician was advised that over the

past two weeks, I.M.M. had episodes of emesis and spit ups, and Plaintiff SHEENA MILLER advised the Physician of her belief that I.M.M. was exhibiting abnormal behavior.

19.   On or about June 10, 2015, the above-mentioned Physician at the Tripler Army Medical Center, that examined I.M.M., advised Plaintiff SHEENA MILLER that I.M.M. was suffering from, among other conditions, esophageal reflux, and prescribed medication and advised her to alter the contents of nutrition I.M.M. was receiving.

20.   On or above June 16, 2015, Plaintiffs presented I.M.M. to Physicians at the Tripler Army Medical Center Emergency Department because they perceived that I.M.M. experienced seizures and episodes of emesis prior to their arrival to said Emergency Department.

21.   On or about June 16, 2015, I.M.M. was admitted to the Tripler Army Medical Center Neonatal Intensive Care Unit, from the Tripler Army Medical Center Emergency Department, with a diagnosis of, among other things, seizures.

22.   On or about July 6, 2015, I.M.M. was discharged from Tripler Army Medical Center with the findings of, among other findings, subacute and chronic subdural hematoma bilaterally, and widespread hypoxic-ischemic encephalopathy, and said medical conditions has resulted in I.M.M. sustaining profound and permanent brain damage, and the sequelae of such damage.

23. Defendant United States, by the acts, omissions and conduct of its employees and/or agents, as alleged herein, was negligent, and breached the standard of care for the rendering of medical care, treatment and services to I.M.M., and specifically, for its failure to timely diagnosis and treat a medical condition for which I.M.M. was suffering at the time when said medical care, treatment and services were rendered to I.M.M., and its actions and/or omissions was a substantial factor in causing the profound and permanent brain damage, and the sequelae of such damage, sustained by I.M.M, as alleged above.

24. As a direct and legal cause of the negligence of Defendant United States, as alleged above, I.M.M. has suffered profound and permanent brain damage, and has suffered and will continue to suffer from the sequelae of such damage, and I.M.M. has and will continue to suffer physical pain and emotional suffering as result of such damage.

25. As a further direct and legal cause of the negligence of Defendant United States, and the profound and permanent brain damage, and the sequelae of such damage, as alleged above, I.M.M. will require medical and life care in the future, and the costs for such care is not presently ascertainable, and the compensation for such costs is sought from Defendant United States as recoverable damages in this action, and Plaintiffs ask leave of this Court to show the same at the time of trial.

26. As a further direct and legal cause of the negligence of Defendant United States, and the profound and permanent brain damage, and the sequelae of such damage, as alleged above, the future earning capacity of I.M.M. is impaired, and the monetary loss associated with such impairment is not presently ascertainable, and the compensation for such monetary loss is sought from Defendant United States as recoverable damages in this action, and Plaintiffs ask leave of this Court to show the same at the time of trial.

27. As a further direct and legal cause of the negligence of Defendant United States, and the profound and permanent brain damage, and the sequelae of such damage, as alleged above, I.M.M. has suffered a loss of enjoyment of life and will be unable to pursue activities, including hobbies, sports and other endeavors that I.M.M. would have pursued if I.M.M. had not suffered the profound and permanent brain damage, and the sequelae of such damage.

WHEREFORE, Plaintiffs demand judgment against Defendant United States of America for general and special damages in amounts to be shown at trial; for the Plaintiffs' costs, interest, reasonable attorneys' fees; and such other and further relief as the court deems just and proper in the premises.

DATED: Honolulu, Hawai'i, December 12, 2017.

          /s/ Allen K. Williams
          COLLIN M. (MARTY) FRITZ
          ALLEN K. WILLIAMS
          Attorneys for Plaintiffs