IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRACY MILLER AND SHEENA MILLER, AS NEXT FRIENDS OF THEIR MINOR DAUGHTER, I.M.M., A MINOR, AND JOELLE SEGAWA KANE, AS GUARDIAN AD LITEM FOR I.M.M., A MINOR,<br><br>        Plaintiffs,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | CIVIL NO. 17-00587 HG-WRP<br><br>FINDINGS AND RECOMMENDATION TO APPROVE SETTLEMENT ON BEHALF OF MINOR |

FINDINGS AND RECOMMENDATION TO
APPROVE SETTLEMENT ON BEHALF OF MINOR

Before the Court is the Motion of Tracy Miller and Sheena Miller, as Next Friends of their minor daughter, I.M.M. to Approve Settlement on Behalf of Minor Plaintiff (Motion). See ECF No. 149. On February 18, 2021, Defendant United States of America filed a Statement of Non-Opposition to the Motion. See ECF No. 151. The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii and VACATES the hearing set for February 25, 2021.

After careful consideration of the Motion, the record in this action, and the relevant legal authority, the Court FINDS AND RECOMMENDS that the Motion be GRANTED.[1]

BACKGROUND

The parents of I.M.M., Tracy Miller and Sheena Miller (collectively the Millers) filed this medical negligence action related to the care and treatment that their daughter I.M.M. received at Tripler Army Medical Center in 2015. See ECF No. 1. The Court appointed Joelle K.K.S. Kane, Esq. as Guardian Ad Litem for I.M.M. on March 13, 2020. See ECF No. 110.

Between March and December 2020, the parties engaged in extensive settlement negotiations facilitated by Court and with the assistance and participation of the appointed Guardian Ad Litem. See ECF Nos. 117, 124, 127, 129, 136, 137, 139, 141, 145, 146. On December 22, 2020, a tentative settlement in principle was reached between the parties, subject to the necessary court approvals and the approval of U.S. Attorney General or the Attorney General's designee. See ECF No. 147. The terms and conditions of the tentative settlement are set forth in the Stipulation for Compromise Settlement and Release of Federal

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677 (Stipulation).  See ECF No. 149-2.

In the present Motion, Plaintiffs seek approval of the tentative settlement on behalf of I.M.M.  See ECF No. 149.  The declaration of counsel submitted in support of the Motion states that the Guardian Ad Litem "believes the proposed settlement is fair and reasonable under the facts, issues and circumstances of the case, and that it is in the best of interest of [I.M.M.] that the settlement be accepted and approved by the court."  ECF No. 149-1 ¶ 9.  In the Statement of Non-Opposition,  Defendant states that it does not oppose approval of the proposed settlement and takes no position of the request for fees, provided that they do not exceed the statutory cap of 25% of the settlement amount, or the request for costs, provided that costs are paid from the lump sum payment.  See ECF No. 151.

## DISCUSSION

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011).  "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'"  Id. (quoting Dacanay v. Mendoza, 573

F.2d 1075, 1080 (9th Cir. 1978)); see also Salmeron v. United States, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem").  The Court must consider whether the proposed settlement is fair and reasonable as to the minor and "should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." Id. at 1182.[2]

Under the terms of the proposed settlement, the total present value of the proposed settlement is $4,500,000.  See ECF No. 149-2 at 3.  I.M.M.'s gross recovery will be reduced by $1,125,000 for attorneys' fees, which is 25% of the present value of the gross settlement amount.  See ECF No. 149 at 8.  Under the terms of the proposed settlement, any fees incurred by any Guardian Ad Litem in this action will be paid from the attorneys' fees paid to counsel.  See ECF No. 149-2 at 5.  Additionally, I.M.M.'s gross recovery will be further reduced to pay for taxes on the attorneys' fees ($53,010.00) and costs incurred by counsel

---

[2] Although the Ninth Circuit limited its decision to "cases involving the settlement of a minor's federal claims," see id. at 1179 n.2, the parties do not suggest that a different standard would apply in this Federal Tort Claims Act litigation, which is governed by substantive state law.

($178,309.72).  See ECF No. 149 at 9-10.  The costs incurred by counsel are itemized in the state court petition attached to the Motion.  See ECF No. 149-3 at 20.

      Defendant agrees to make a lump sum payment in the amount of $1,425,000, from which attorneys' fees and costs will be paid, and the remainder of the lump sum payment will be I.M.M.'s net lump sum settlement recovery.  See ECF No. 149-2 at 3.  The Millers represent that they have filed concurrent with this Motion, a petition with the Hawaii First Circuit Court requesting the appointment of special conservator for I.M.M. to establish and fund a trust for the benefit of I.M.M, which will be established in the State of Washington and formed under 42 U.S.C. § 1396p(d)(4)(A).  See ECF No. 149-3 at 5.

      In addition to the lump sum payment, Defendant will purchase a reversionary annuity in the amount of $3,075,000, which will provide I.M.M. lifetime monthly payments commencing after I.M.M. turns 18 years old, in 2033.  See ECF No. 149-2 at 6.  The monthly payment will be payable to the trust, in an approximate amount of $5,600 per month,[3] increasing at 2.5% compounded annually after the first year of payments.  See id.  Based on the yearly 2.5% compounded increases in payments over I.M.M.'s life expectancy, it is anticipated

---

[3] While the exact amount of the initial monthly annuity payments will not be established until the annuity contract is purchased, based on the estimate provided by Defendant, the initial monthly annuity payments commencing in 2033 is expected to be $5,661.93.  See ECF No. 149 at 8.

5

that the expected life-time benefits paid by the annuity to the trust will be approximately $11,500,000.  See ECF No. 149-1 ¶ 4.

Based on its review of the Stipulation, the Motion, the Statement of Non-Opposition, and the Court's knowledge of the parties' extensive settlement discussions with included the appointed Guardian Ad Litem, the Court finds that the settlement is reasonable and in the best interests of I.M.M.  The parties reach a tentative settlement after the conclusion of discovery and through arms-length negotiations facilitated by the Court.  The tentative settlement avoids the risks and expenses of a jury trial and is structed to compensate I.M.M. for anticipated future needs.  All of the net proceeds from the settlement will be used for the benefit of I.M.M.  The portion of the gross proceeds designated for attorneys' fees does not exceed twenty-five percent of the gross settlement amount, the cap allowed under the Federal Tort Claims Act, which the Court finds to be reasonable based on the fact that counsel are experienced personal injury lawyers who completed extensive fact and expert discovery during the three years that this case has been pending.  See 28 U.S.C. § 2878.  The Court also finds that the taxes and costs incurred by counsel, which include transcript costs, expert fees, consultant fees, and travel expenses, were necessary and reasonable.  See ECF No. 149-3 at 20.

## CONCLUSION

The Court FINDS that the terms and conditions of the settlement, as

set forth in the Stipulation are fair, reasonable, and in the best interests I.M.M. and RECOMMENDS that the district court GRANT the Motion of Tracy Miller and Sheena Miller, as Next Friends of their minor daughter, I.M.M. to Approve Settlement on Behalf of Minor Plaintiff.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, FEBRUARY 19, 2021.



Wes Reber Porter
United States Magistrate Judge

**MILLER, ET AL. V. UNITED STATES OF AMERICA; CIVIL NO. 17-00587 HG-WRP; FINDINGS AND RECOMMENDATION TO APPROVE SETTLEMENT ON BEHALF OF MINOR**